IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KEITHEN D. CARTER,**

    Plaintiff,

v.                                                                       Civil Action No. **3:25CV752**

**LIEUTENANT DRISCOLL,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

By Memorandum Order entered on September 26, 2025, the Court conditionally docketed the plaintiff's action. At that time, the Court directed the plaintiff to affirm his intention to pay the full filing fee by signing and returning a consent to collection of fees form. The Court warned the plaintiff that a failure to comply with the above directive within thirty (30) days of the date of entry thereof would result in summary dismissal of the action. The plaintiff failed to comply with the Court's order to return a consent to collection of fees form. As a result, he did not qualify for *in forma pauperis* status. Furthermore, he had not paid the statutory filing fee for the instant action. *See* 28 U.S.C. § 1914(a). Therefore, his conduct demonstrated a willful failure to prosecute. *See* Fed. R. Civ. P. 41(b). Accordingly, by Memorandum Opinion and Order entered on November 5, 2025, the Court dismissed the action without prejudice.

On November 18, 2025, the Court received a Notice of Appeal, that despite its title, asks for reconsideration and for the Court to "forgive me for my misunderstanding of the consent to collection of fees form." (ECF No. 8.) The plaintiff also attached a consent to collection of fees form. (ECF No. 9.) The plaintiff's request for reconsideration will be construed as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-

eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

The plaintiff does not explicitly address any of the above recognized grounds for relief in his Rule 59(e) Motion. The plaintiff also fails to demonstrate any clear errors of law in the Court's conclusions or that the dismissal of this action resulted in manifest injustice. The plaintiff failed to return his consent to collection of fees form, and the Court appropriately dismissed the action. Accordingly, the Rule 59(e) Motion, (ECF No. 8), will be DENIED.

Nevertheless, because it appears that the plaintiff remains intent on litigating his complaint, the Court will DIRECT the Clerk to file his complaint as a new civil action. The Clerk will be DIRECTED to docket a copy of this Memorandum Order in the new civil action. Once a new civil action has been opened, the Court will continue to process the action. The present civil action, however, remains closed.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
John A. Gibney, Jr.
Senior United States District Judge

Date: 12/10/25
Richmond, Virginia